```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Karen Elizabeth
Rivera-Medrano

    v.                                       Civil No. 20-cv-194-JD
                                                        Opinion No. 2020 DNH 055

Chad Wolf, Secretary of
the Department of
Homeland Security, et al.


O R D E R

Karen Elizabeth Rivera-Medrano, who is being held pending removal proceedings at the Strafford County Department of Corrections ("SCDOC"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to require the Department of Homeland Security to hold a bond hearing.[1]  The federal respondents have moved to dismiss the petition.  The court previously granted Rivera-Medrano's unopposed motion for an expedited decision on her petition.  Therefore, the petition is addressed and decided on the merits.

---

[1] The petition is brought against the Secretary of the Department of Homeland Security, the Acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, and the Superintendent of the SCDOC.  The federal respondents represent that Rivera-Medrano is detained by the Department of Homeland, Immigration and Customs Enforcement.  There is no dispute as to the proper party, and the federal respondents are referred as "respondents".

## Background

Rivera-Medrano filed a § 2241 petition with supporting documentation, including her own affidavit. The government filed the affidavit of David T. Wesling, a Supervisory Detention and Deportation Officer for the United States Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, with its memorandum in support of the motion to dismiss. The background information is taken from the facts and documents provided by the parties.

Rivera-Medrano is twenty years old and is from El Salvador. She entered the United States from Mexico in November of 2017 at Brownsville, Texas, and presented herself to Customs and Border Protection ("CBP"). She sought asylum because she was afraid of returning to El Salvador due to sexual and physical abuse by her stepfather, including rape.

She received a "credible fear interview," and the asylum officer with the United States Citizenship and Immigration Service ("USCIS") made a positive determination of her fear claim. At the immigration court hearing, Rivera-Medrano was not represented by counsel, could not afford counsel, and did not speak English. She gave up her asylum claim because of the difficulty of representing herself. An order of removal issued on January 30, 2018, and she was removed back to El Salvador.

Because of her fear of her stepfather, Rivera-Medrano left El Salvador again and went to Mexico where she lived from October of 2018 to July of 2019. On July 27, 2019, near Hildago, Texas, Rivera-Medrano crossed the Rio Grande River on a raft. She then immediately surrendered to CBP authorities.

CBP reinstated Rivera-Medrano's removal order that was issued on January 30, 2018. Rivera-Medrano filed a petition for withholding of removal, and the USCIS Asylum Office held a reasonable fear interview on August 26, 2019. The USCIS concluded that Rivera-Medrano's fear was reasonable and referred her case to the Boston Immigration Court for withholding proceedings. The first hearing before an immigration judge was held on October 9, 2019, and the judge told Rivera-Medrano that if she could not find a lawyer by October 29, 2019, she would have to represent herself. The hearing was continued to November 12, 2019, but Rivera-Medrano was unable to find representation and proceed pro se.

At the November 12 hearing, Rivera-Medrano submitted her withholding of removal application to the immigration judge. Her last hearing was held on November 22, and the immigration judge denied her application. Still proceeding pro se, Rivera-Medrano filed an appeal to the Board of Immigration Appeals on December 9, 2019.

3

The American Civil Liberties Union began representing Rivera-Medrano on January 9, 2020.  She then, through counsel, moved to amend her notice of appeal.  She also asked for a full decision on the denial of her application for withholding of removal, rather than just the summary that she had received.  In addition to her appeal, Rivera-Medrano moved to remand her case to the immigration court to allow her to present new evidence in support of her application for withholding of removal.  She has also filed a motion to reopen the underlying removal order that was issued in January of 2018.  If these efforts are not successful, Rivera-Medrano intends to appeal to the First Circuit Court of Appeals.

Rivera-Medrano has been detained since July 27, 2019.  She has not had a bond hearing, nor is a hearing scheduled. The respondents' position is that she is not eligible to be released from detention.

## Discussion

Federal courts have jurisdiction to decide whether the petitioner is being held "in custody in violation of the Constitution or laws . . . of the United States."  § 2241(c)(3). "[Section] 2241 habeas corpus proceedings [are] available as a forum for statutory and constitutional challenges to post-

removal-period detention." Zadvydas v. Davis, 533 U.S. 678, 688 (2001).

In support of her petition, Rivera-Medrano contends that her detention is governed by 8 U.S.C. § 1226(a), which entitles her to a bond hearing. The Department contends that Rivera-Medrano is detained pursuant to 8 U.S.C. § 1231(a), which does not give her a right to a bond hearing. Rivera-Medrano responds that even if § 1231(a) governs her detention, she is entitled to a bond hearing under the due process clause of the Fifth Amendment because of the length of her detention. The respondents disagree.

A.  Statutory Framework

Section 1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." See also Jennings v. Rodriguez, 138 S. Ct. 830, 837 (2018). An alien detained under § 1226(a) is entitled to an individualized bond hearing before an immigration judge to determine whether continued detention is necessary. Guzman Chavez v. Hott, 940 F.3d 867, 873-74 (4th Cir. 2019); Guerrero-Sanchez v. Warden, York County Prison, 905 F.3d 208, 214 (3d Cir. 2018). Under § 1226(c), certain aliens may not be released pending a decision on removal because they have been convicted of particular crimes, and there is no

5

statutory provision for a bond hearing in those circumstances. Jennings, 138 S. Ct. at 837; Reid v. Donelan, 390 F. Supp. 3d 201, 213-14 (D. Mass. 2019).

An alien who has been removed previously and then reenters the United States without authorization is subject to the prior removal order, which is reinstated from its original date. § 1231(a)(5); Guzman Chavez, 940 F.3d at 869. "Except as otherwise provided in [§ 1231], when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period)." § 1231(a)(1)(A). If the alien is not removed during the 90-day removal period, he or she may be released subject to supervision. § 1231(a)(3).

Certain aliens, who are inadmissible under 8 U.S.C. § 1182; removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4); or have been determined to be a risk to the community or unlikely to comply with the removal order, may not be released as provided in § 1231(a)(3). § 1231(a)(6). There is no provision in § 1231(a)(6) for release and no explicit statutory time limit on detention. Zadvydas, 533 U.S. at 689 (imposing an implicit time limit on detention "to a period reasonably necessary to bring about that alien's removal from the United States"); Guerrero-Sanchez, 905 F.3d at 214.

A reinstated removal order cannot be reopened or reviewed and removal will occur, under the order, without a hearing before an immigration judge. Guzman Chavez, 940 F.3d at 869. Nevertheless, an alien who is subject to a reinstated removal order can seek protection from the order by asking the government to withhold removal because she will face persecution or torture in the country where she would be removed. Id. at 869-70. That process is known as a withholding-only proceeding. Id. at 870.

Rivera-Medrano is an alien who is subject to a reinstated removal order but is seeking withholding of removal. She has been detained, now at the SCDOC, for more than eight months. Rivera-Medrano's situation raises the issue of whether a reinstated removal order is final even while the alien is pursuing a withholding of removal. If a reinstated removal order is deemed to be final, despite the application for withholding of removal, § 1231(a) applies. If the reinstated removal order is not final, then § 1226(a) applies.[2]

The First Circuit has not addressed this issue. The courts of appeals that have addressed the issue are split. The Third and Ninth Circuits have concluded that § 1231(a) applies.

---

[2] Rivera-Medrano is not subject to detention under § 1226(c), and therefore, the different considerations applicable to that statute do not apply here.

Guerrero-Sanchez, 905 F.3d at 216; Padilla-Ramirez v. Bible, 882 F. 3d 826, 834 (9th Cir. 2017).  The Fourth and Second Circuits have concluded that § 1226(a) applies.  Guzman Chavez, 940 F.3d at 869; Guerra v. Shanahan, 831 F.3d 59, 64 (2d Cir. 2016).

The issue is complex and continues to evolve across the country.  See, e.g., Sisiliano-Lopez v. Lowe, 2020 WL 1446720, at *3-*5 (M.D. Pa. Mar. 25, 2020); Orellana v. Choate, 2020 WL 417597 (D. Colo. Jan. 24, 2020); Orozco Arroyo v. Doll, 2019 WL 6173753, at *4-*5 (M.D. Pa. Oct. 10, 2019); Singh v. Barr, 2019 WL 4415152 (W.D.N.Y. Sept. 16, 2019); Martinez v. Clark, 2019 WL 5968089, at *4-*7 (W.D. Wash. May 23, 2019).  In this case, however, it is unnecessary to decide which statute governs Rivera-Medrano's detention.  Even if § 1231(a) applies, as the respondents urge, Rivera-Medrano would be entitled to a bond hearing under the Due Process Clause of the Fifth Amendment.  Therefore, the court will assume, without deciding, that § 1231(a) applies to Rivera-Medrano.

B.  Due Process Requirement

In Guerrero-Sanchez, the petitioner, like Rivera-Medrano, was detained under a reinstated order of removal while he was pursuing withholding-only relief.[3]  905 F.3d at 210-11.  He

---

[3] While Rivera-Medrano is appealing the decision from the withholding-only proceeding, in Guerrero-Sanchez the petitioner

8

sought a bond hearing under § 1226(a) but argued alternatively, as Rivera-Medrano does here, that if § 1231(a) applied, the statute must be construed to require, implicitly, a bond hearing to avoid a violation of due process. Id. at 219. After analyzing the legal framework of § 1226(a) and § 1231(a), the court concluded that the removal order was administratively final, making § 1231(a) the governing statute. Id. at 217. As a result, the petitioner was detained under § 1231(a)(6). Id.

If, as assumed, § 1231(a) applies to Rivera-Medrano, the court will also assume that she is being detained under § 1231(a)(6).[4] The similarities between the circumstances and legal issues presented in Guerrero-Sanchez and in this case make the cases analogous. Furthermore, the Third Circuit's detailed analysis of the due process requirements arising from the lack of a bond hearing provision in § 1231(a)(6) are persuasive here.

---

had not yet had the initial hearing. That difference is not material, however, because Rivera-Medrano's withholding-only proceeding is not yet complete. See Guzman Chavez, 940 F.3d at 880-81.

[4] The respondents do not identify what provision of § 1231(a) applies to Rivera-Medrano and do not suggest that any of the findings under § 1231(a)(6) have been made as to her. Instead, the respondents address the detention issue under Zadvydas, which held that aliens could not be detained indefinitely under § 1231(a)(6) but did not address the specific situation of an alien, like Rivera-Medrano, who has withholding only and other proceedings pending.

Therefore, the court will apply and follow the reasoning and holding in Guerrero-Sanchez.

As is noted above, there is no explicit provision for a bond hearing under § 1231(a). In addressing due process concerns implicated by the lack of a bond hearing provision, the Third Circuit discussed the Supreme Court's interpretation of § 1231(a)(6) in Zadvydas, 533 U.S. at 690-701. The court distinguished the circumstances presented in Zadvydas, where the removal order was final but removal was no longer attainable, from the petitioner's situation in Guerrero-Sanchez, where his withholding-only claim was pending. Guerrero-Sanchez, 905 F.3d at 219-20. The court concluded that Zadvydas did not "address or settle the due process concerns raised by the prolonged detention of an alien like Guerrero-Sanchez, who is still pursuing a bona fide withholding-claim that could take years to resolve." 905 F.3d at 220. The court further held that due process might prohibit prolonged detention under § 1231(a)(6). Id. at 223.

Applying the cannon of constitutional avoidance, the court construed § 1231(a)(6) to include an implicit requirement for a bond hearing. Id. at 224 (following Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011)). The court further concluded, however, that "aliens detained under § 1231(a)(6) are only entitled to a bond hearing after prolonged detention." Id. at

10

225. To determine when prolonged detention occurs, the court applied the multi-factor test provided by Mathews v. Eldridge, 424 U.S. 319, 355 (1976), and noted the presumption in Zadvydas that detention up to six months did not violate due process. Guerrero-Sanchez, 904 F.3d at 225-26. The court concluded that "an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months (*i.e.*, 180 days) of custody." Id. at 226.

The respondents argue, however, that the six-month limit on detention should not apply to Rivera-Medrano because she has contributed to the time of her detention by seeking withholding of removal and filing other motions to challenge her removal. The respondents have not shown, however, that Rivera Medrano is pursuing that relief in bad faith or without a legal right to do so. Courts generally do not consider bona fide immigration proceedings, initiated by the alien, as grounds to deny a bond hearing under § 1231(a)(6). See, e.g., Guerrero-Sanchez, 905 F.3d at 220; Sisiliano-Lopez, 2020 WL 1446720, at *5, n.51; Smith v. Barr, 2020 WL 1250825, at *11 (N.D. Okla. Mar. 16, 2020)(citing cases); Djelassi v. ICE Field Office Director, --- F. Supp. 3d ---, 2020 WL 263670 (W.D. Wash. Jan. 17, 2020); Kleinauskaite v. Doll, 2019 WL 3302236, at *6, n.49 (M.D. Pa. July 23, 2019); Diaz-Ceja v. McAleenan, 2019 WL 2774211, at *10 (D. Colo. July 2, 2019).

C.  Result

Rivera-Medrano has been detained for more than eight months.  Although the respondents suggest her removal will be effectuated soon, they acknowledge on going proceedings without an estimate of when they will conclude.  The remedy for a prolonged detention is a bond hearing before an immigration judge at which the government bears the burden of proving by clear and convincing evidence that the alien should not be released on bond.  Guerrero-Sanchez, 905 F.3d at 224; Sisiliano-Lopez, 2020 WL 1446720, at *2; Hernandez T. v. Warden, Essex County Jail, 2020 WL 634235, at *1 (D.N.J. Feb. 11, 2020).  Therefore, applying the Third Circuit's holding in Guerrero-Sanchez, Rivera-Sanchez is entitled to a bond hearing before an immigration judge.

If Rivera-Medrano intends to seek an award of attorneys' fees under the EAJA, she must file a properly supported motion for that relief.  The schedule is provided below.


## Conclusion

For the foregoing reasons, the federal defendants' motion to dismiss (document no. 11) is denied.

Rivera-Medrano's § 2241 petition (document no. 1) is granted to the extent that the court rules that Rivera-Medrano

is entitled to a bond hearing before an immigration judge, to be held as soon as practicable, and is otherwise denied.

If Rivera-Medrano intends to seek fees under the EAJA she shall file a properly supported motion **on or before April 17, 2020**. The respondents will then have **fourteen days from the date the motion is filed** to file their response.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

April 4, 2020

cc: Counsel of Record