**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

Karen Elizabeth Rivera-Medrano

   v.                                   Case No. 20-cv-0194-JD

U.S. Department of Homeland Security
Acting Secretary Chad Wolf; U.S.
Immigration and Customs Enforcement,
Enforcement and Removal Operations,
Acting Field Office Director Marcos
Charles; Strafford County Department
of Corrections Superintendent
Christopher Brackett

**REPORT AND RECOMMENDATION**

Before the court are three post-judgment motions filed by petitioner, Karen Elizabeth Rivera-Medrano:

- Motion to enforce the judgment (Doc. No. 24);

- Emergency motion (Doc. No. 25), seeking to stay the Board of Immigration Appeals ("BIA") decision revoking petitioner's release from Immigration and Customs Enforcement ("ICE") detention; and

- Assented-to motion (Doc. No. 27), asking this court to issue the proposed order (Doc. No. 27-1) that sets forth the terms upon which petitioner has agreed to withdraw the motion to enforce the judgment (Doc. No. 24) and the motion to stay (Doc. No. 25).

**Background**

Petitioner filed this action asserting that her continued ICE detention without a bond hearing before an immigration judge violated her federal rights. This court granted her petition, declaring that petitioner was entitled to a bond hearing before an immigration judge, to be held as soon as practicable, and judgment entered. See Apr. 6, 2020 Order (Doc. No. 15); July

20, 2020 Order (Doc. No. 22); July 21, 2020 J. (Doc. No. 23).

The federal respondents in this case filed a notice of appeal of the judgment, and that appeal remains pending in the First Circuit. See Rivera-Medrano v. Wolf, No. 20-1573 (1st Cir. filed June 16, 2020). Also pending in the First Circuit is petitioner's appeal of an adverse ruling of the BIA in her immigration matter. See Rivera-Medrano v. Barr, No. 20-1667 (1st Cir. filed July 6, 2020).

The motion (Doc. No. 24) to enforce the judgment filed in this case asserts that after judgment entered in this action, the BIA issued an order reversing the decision of the immigration judge that had released petitioner from ICE detention. Petitioner's motion to enforce the judgment asks this court either to vacate that BIA ruling, or to hold its own detention hearing for petitioner. The emergency motion to stay (Doc. No. 25) asks this court to stay the effect of that BIA order, pending this court's disposition of petitioner's motion to enforce the judgment. And the assented-to motion (Doc. No. 27) asks this court to enter the terms of the parties' stipulated resolution of those two post-judgment motions as a court order.

## Discussion

There are several grounds for denying all of the post-judgment motions, without prejudice, at this time. In general, an appeal divests the district court of jurisdiction over

2

matters relating to the judgment on appeal.  While that general rule does not preclude a district court from enforcing a judgment on appeal that has not been stayed, see Ricci v. Okin, 535 F. Supp. 2d 229, 230 & n.4 (D. Mass. 2008), there is a substantial question whether issuing an order on these post-judgment motions – potentially staying a BIA order, holding a detention hearing, and issuing an order that embodies the terms of the negotiated resolution of two pending post-judgment motions - could extend this court's jurisdiction into matters that interfere with the First Circuit's jurisdiction in Rivera-Medrano v. Wolf, No. 20-1573 (1st Cir.).

    Furthermore, it appears that the parties have already agreed to the proposed order's terms, see Doc. No. 27-1, which define the circumstances upon which petitioner would voluntarily withdraw both her motion to enforce the judgment and her emergency motion to stay.  The parties' stipulation in that regard suggests that a ruling on the merits of any of the post-judgment motions, including the issuance of the proposed order attached to the assented-to motion, would be supererogatory or advisory.  Accordingly, the district judge should deny the relief requested in all three of the pending post-judgment motions (Doc. Nos. 24, 25, 27), without addressing the merits of those motions, and without prejudice to the petitioner's ability to refile the same or similar motions after the First Circuit appeal in this action is concluded.

## Conclusion

For the foregoing reasons, the district judge should deny: (1) the motion to stay (Doc. No. 25), (2) the motion to enforce the judgment (Doc. No. 24), and (3) the assented-to motion to issue the proposed order (Doc. No. 27), without prejudice to any party's ability to refile the same or similar motions in this case after the appeal in Rivera-Medrano v. Wolf, No. 20-1573 (1st Cir.), is completed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 16, 2020

cc:  Gilles R. Bissonnette, Esq.
     SangYeob Kim, Esq.
     Henry R. Klementowicz, Esq.
     Terry L. Ollila, Esq.
     Thomas P. Velardi, Esq.