UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Karen Elizabeth Rivera-Medrano

   v.                                    Civil No. 20-cv-194-JD

Acting Secretary, United States
Department of Homeland Security
et. al.

O R D E R

Karen Elizabeth Rivera-Medrano, who was being detained pending removal, brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking an order to require the federal respondents to hold a bond hearing under 8 U.S.C. § 1226(a). The court granted the petition in part and entered judgment on July 21, 2020. In November, Rivera-Medrano filed three motions, which were referred to the magistrate judge for review, and the magistrate judge has issued a report and recommendation to deny the motions. Rivera-Medrano has filed an objection to the report and recommendation.

Background

Rivera-Medrano is from El Salvador and sought asylum in the United States. She represented herself during the immigration proceedings and because of the challenges of doing so, she gave up her asylum claim. An order of removal issued on January 30, 2018, and she was detained.

After the American Civil Liberties Union began representing Rivera-Medrano, the habeas petition was filed here. Rivera-Medrano asked the court to require the respondents to provide her a bond hearing before an immigration judge.

The respondents moved to dismiss her petition on the ground that 8 U.S.C. § 1231(a) governed Rivera-Medrano's detention, which the respondents argued did not provide for release on bond. Because Rivera-Medrano's motion for an expedited decision had been granted, the court decided the case on the merits in the context of the Department's motion, concluding that she was entitled to a bond hearing before an immigration judge. The respondents appealed the court's decision to the First Circuit Court of Appeals, Rivera-Medrano v. Wolf, 20-1573 (1st Cir. June 6, 2020).[1] Id., doc. 00117675364.

In response to this court's order, a bond hearing was held before an immigration judge, who, on April 14, 2020, released Rivera-Medrano on bond. The Board of Immigration Appeals ("BIA"), however, reversed that decision on November 18, 2020. Separately, the BIA denied Rivera-Medrano's immigration appeal,

---

[1] In filings made in the First Circuit, the government characterizes the notice of appeal as a protective notice to allow time for the Office of the Solicitor General to decide whether to take the appeal. The government has sought and been granted extensions of time to file its brief. Therefore, the status of the appeal is somewhat uncertain.

and she appealed that decision to the First Circuit, <u>Rivera-Medrano v. Rosen</u>, 20-1667 (1st Cir. filed July 6, 2020).

In November, Rivera-Medrano filed a motion in this court to enforce judgment and an emergency motion to stay the decision of the BIA that reversed her release on bond. She argued that the BIA failed to apply the legal standard stated in the court's order and asserted that the court must stay the BIA's order and conduct its own bond hearing. Several weeks later, the parties filed an assented-to motion for entry of a stipulated order based on the parties' agreement that allowed Rivera-Medrano to withdraw her prior motions and asked the court to enter a stipulated agreement as a court order.

The magistrate judge reviewed the pending motions and issued a report and recommendation to deny them. Doc. no. 28. In support, the magistrate stated that, because of the pending appeals, the motions raised the potential for interfering in the jurisdiction of the First Circuit Court of Appeals. The magistrate also noted that the parties had agreed to terms on which the first two motions would be withdrawn, making any decision on the assented-motion to enter the proposed stipulated order merely advisory. Rivera-Medrano filed an objection to the report and recommendation. The respondents did not file a response to the report and recommendation.

Discussion

When a party objects to a magistrate judge's report and recommendation, the court makes a de novo determination of those portions to which objection is made. 28 U.S.C. § 636(b)(1). The court may accept, reject, or modify the report and recommendation and may also receive additional evidence or recommit the matter to the magistrate, if necessary. Id.

A. Assented-to Motion for Entry of Stipulated Order

Rivera-Medrano objects to that part of the report and recommendation that recommends denying the assented-to motion for entry of a stipulated order. She agrees with the magistrate that the court need not reach the merits of the two preceding motions, which are resolved by the parties' agreement.[2] She challenges the conclusion in the report and recommendation that granting the assented-to motion and entering the proposed stipulated order could interfere with the First Circuit's jurisdiction in the matters on appeal, which would divest this court of jurisdiction to enter the stipulated order.

Rivera-Medrano contends that the magistrate's jurisdictional ruling should be reversed because it is not

---

[2] Because the respondents did not object to the report and recommendation, they are deemed to have accepted the findings and rulings made therein.

necessary and was not briefed by the parties.  Contrary to Rivera-Medrano's argument, the court cannot proceed in the absence of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and are authorized to consider and decide only those cases that fall within the scope of their jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  For that reason, a court "is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte."  Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011); Fort Bend County, Texas v. Davis, 139 S. Ct. 1843, 1849 (2019).  If jurisdiction is lacking, a court can proceed no further in the case.  Godin v. Schencks, 629 F.3d 79, 83 (1st Cir. 2010).

As the magistrate noted, a valid notice of appeal from a decision of this court generally divests the court of jurisdiction over aspects of the case on appeal and confers jurisdiction in the court of appeals.  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  Under that rule, the district court loses jurisdiction "with respect to any matter touching upon, or involved in, the appeal."  United States v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993).  The rule, however, is subject to some exceptions.  See United States v. Ruvalcava-Garza, 750 F. App'x 353, 356 (5th Cir. 2018);

Williamson v. Recovery Ltd. P'ship, 731 F.3d 608, 626 (6th Cir. 2013).

Rivera-Medrano contends that the magistrate's report and recommendation is wrong to the extent that it recommends denying her assented-to motion for entry of the parties' proposed stipulated order.[3]  In support, she argues that the magistrate's decision "is prejudicial [to her] because, in the event that she is re-detained under the BIA's order, it limits her ability to (i) file any motion to enforce this Court's habeas order during the pendency of the appeal before the First Circuit, and/or (ii) seek enforcement of the parties' agreement reflected in Petitioner's Assented-to Motion for Entry of Stipulated Order of Withdrawal (DN 27)—an agreement that involved court approval to ensure enforceability."  Doc. no. 29, at *2.

The jurisdictional issue anent the assented-to motion is not whether denying that motion is prejudicial, as Rivera-Medrano argues.  Instead, the issue is whether the court has jurisdiction to grant the assented-to motion and enter the

---

[3] Despite her focus on the assented-to motion, Rivera-Medrano also argues that the court has jurisdiction to enforce its judgment, which is the subject of one of her underlying motions not the assented-to motion. Based on the objection, the court is not addressing the motion to enforce judgment on the merits.

parties' agreement as a stipulated order.  The magistrate judge recommended that the motion be denied for lack of jurisdiction.

Based on the assented-to motion, the parties have reached an agreement on the matters raised in Rivera-Medrano's motion to enforce judgment and motion to stay the BIA's order.  Their agreement is memorialized in the proposed stipulated order:

> Upon consideration of Petitioner's Assented-to Motion for Entry of Stipulated Order of Withdrawal of Motion to Enforce Judgment Without Prejudice, it is hereby AGREED and ORDERED that:
>
> 1. Respondents Department of Homeland Security and Immigration and Customs Enforcement agree that, in exchange for the withdrawal of Petitioner Karen Elizabeth Rivera-Medrano's Motion to Enforce Judgment, Respondents will stipulate that Ms. Rivera-Medrano will not be re-detained while her First Circuit Court of Appeals' petition for review (20-1667) is pending.
>
> 2. In addition, Respondents agree that they will not re-detain Ms. Rivera-Medrano while her removal (withholding-only) proceedings are pending before the agency (EOIR), should she prevail in her current petition for review before the First Circuit Court of Appeals (20-1667).
>
> 3. Respondents' agreement, however, is conditioned on Ms. Rivera-Medrano's agreement that she will present herself, accompanied by counsel if she desires, to Respondents (more specifically, the Enforcement and Removal Operations (ERO)) so that she can be served with an Order of Supervision (OSUP) and enrolled in the Alternatives to Detention (ATD) program, which will require utilization of a GPS monitor should ERO decide.  Ms. Rivera-Medrano agrees to this condition.
>
> 4. In addition, Ms. Rivera-Medrano understands and agrees that Respondents will reserve its right to re-arrest and re-detain her if she violates the terms and

>conditions of her OSUP in a manner which demonstrates that she poses a danger to the community or a flight risk either during the pendency of her First Circuit Court of Appeals' petition for review or if she prevails in her current petition for review and her case is remanded to the Immigration Court.
>
>5. This agreement does not impact or prevent Respondents from re-detaining Ms. Rivera-Medrano if she does not prevail in her current petition for review in order to effectuate her final order of removal from the United States or if the Government prevails in its appeal before the First Circuit (20-1573), in which the District Court's order requiring that a bond hearing was held is being challenged.
>
>6. Finally, Ms. Rivera-Medrano reserves her right to re-file a motion to enforce judgment if there is a violation of this stipulation.  Ms. Rivera-Medrano also reserves her right to file separate habeas corpus challenging her detention or re-detention should the needs arise.

Doc. no. 27-1.

Although briefing has not yet occurred in the government's appeal, the appeal appears to challenge the court's order that required the government to provide Rivera-Medrano a bond hearing before an immigration judge and put the burden on the government to show by clear and convincing evidence that she should not be released on bond.  The parties' agreement resolves issues about Rivera-Medrano's detention status while her appeal is pending but does not address issues on appeal.  Therefore, the government's appeal of this court's decision does not bar

8

consideration of the assented-to motion for entry of the stipulated order.

Another jurisdictional issue exists, however. An agreement reached among the parties to settle matters among them is a contract governed by ordinary contract principles. Boston Ex. Helicopters, LLC v. Maguire, 15-13647-RGS, 2020 WL 6828487, at *1 (D. Mass. Nov. 20, 2020). The court must have jurisdiction to enforce that contract if a dispute arises. Id. Once judgment has been entered, the court lacks jurisdiction to enforce a settlement or agreement among the parties unless jurisdiction was retained for that purpose when judgment entered. Id.; see also May v. Fluor Fed. Solutions, LLC, 16-cv-587-J-32-JRK, 2018 WL 398556, at *3 (M.D. Fl. Jan. 12, 2018); Wilmington Tr. Co. v. Hellas Telecomms., S.a.r.l. 12-CV-8686(JPO), 2016 WL 7339112, at *4 (S.D.N.Y. Aug. 4, 2018).

The assented-to motion to enter the proposed stipulated order of parties' agreement was filed after judgment was entered in this case. For that reason, the court was not asked to and did not retain jurisdiction to enforce the agreement provided in the assented-to motion. As a result, the court lacks jurisdiction to enter the proposed stipulated order.

Nevertheless, the parties' agreement may be enforced in a different case by any court with jurisdiction over the matter.

B.  <u>Motions to Enforce and to Stay</u>

The parties have agreed that Rivera-Medrano is withdrawing her motions to enforce this court's judgment and to stay the decision of the BIA (documents nos. 25 and 26) in return for agreed actions or forbearance by the government.  That result renders the pending motions moot.

Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation (document no. 28) is approved as modified by this order.

The petitioner's motions to enforce judgment and for a stay (documents nos. 24 and 25) are terminated as moot.

The assented-to motion for entry of a stipulated order of withdrawal (document no. 29) is denied for lack of jurisdiction.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.<br>
Joseph A. DiClerico, Jr.<br>
United States District Judge

January 22, 2021

cc:  Counsel of record.